**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KATHRYN CROSS,

      Plaintiffs,

                                    Case No. 12-15152
v.                                 Hon. Lawrence P. Zatkoff

WAL-MART STORES EAST, L.P.,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 11, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand [dkt 3].  Defendant has

responded to the motion, and the time period for Plaintiff to file a reply brief has elapsed.  The Court

finds that the facts and legal arguments are adequately presented in the parties' papers such that the

decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D.

Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.

For the following reasons, Plaintiff's Motion to Remand is DENIED.

**II.  BACKGROUND**

Plaintiffs originally filed this case in the Wayne County Circuit Court, alleging premises

liability and nuisance at Defendant's Dearborn, Michigan, retail store.  Plaintiff alleges that

Defendant breached its duty to Plaintiff when Defendant failed to remove a plastic hangar that had

gotten wedged underneath a metal threshold.  Plaintiff allegedly tripped over the plastic hangar and, as a result, suffered injuries (which are described in more detail below).

Defendant timely removed this case to federal court based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a).  Plaintiff then filed a motion to remand this matter to state court.

### III.  LEGAL STANDARD

To avoid an order of remand where jurisdiction is based on the diversity of the parties, a removing defendant must prove that the plaintiff's damages will more likely than not exceed the jurisdictional minimum of $75,000.  *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).  To do so, the Court must consider the complaint at the time of removal.  *See id.*

### IV.  ANALYSIS

Plaintiff requests that the Court remand this matter to the Wayne County Circuit Court, arguing that her complaint does not contemplate an award in excess of $75,000.  Defendant contends that the nature of Plaintiff's claims indicate that damages would exceed $75,000 if Defendant is found to be liable.

**A.     Local Rule 81.1(d)**

The Court first notes that Plaintiff has not complied with the applicable Eastern District of Michigan Local Rule for this type of challenge.  Local Rule 81.1(d) mandates that, when filing a motion to remand based on the amount-in-controversy requirement, "the plaintiff *must* include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate." (emphasis

added).  Plaintiff has not provided any such signed statement.

**B.      Alleged Damages Exceed $75,000**

There is no dispute that the parties are diverse.  Plaintiff is a Michigan resident and

Defendant is incorporated in Delaware, with a principal place of business in Arkansas.  The Court

also finds that it is more likely than not that Plaintiff's damages would exceed $75,000 if Defendant

is found liable for Plaintiff's injuries.  As Defendant argues:

> Plaintiff's complaint specifically enumerates the following damages sustained,
> which Plaintiff believes are compensable in this case:
>
> - Bodily injuries to Plaintiff's neck;
> - Bodily injuries to Plaintiff's head;
> - Bodily injuries to Plaintiff's spine;
> - Bodily injuries to Plaintiff's back;
> - Bodily injuries to Plaintiff's arms;
> - Bodily injuries to Plaintiff's legs;
> - Bodily injuries to Plaintiff's hands;
> - Bodily injuries to Plaintiff's feet;
> - Physical and mental pain and suffering;
> - The need for medical and pharmacological care and services;
> - The loss of enjoyment of life and its activities;
> - The loss of future earning capacity (wage loss);
> - Disability;
> - Humiliation;
> - Embarrassment;
> - Future expenses for medical care;
> - Future care for medical services;
> - Future expenses for medical supplies;
> - Future expenses for medical monitoring;
> - Future expenses for physical therapy; and
> - Future expenses for rehabilitation.

Based on such allegations, the Court finds that it is more likely than not that the combination of such

claims, if successful, would result in a verdict of greater than $75,000.  *See Journigan v. The*

*Medical Team*, No. 09-11090, 2009 WL 1600712, at *1 (E.D. Mich. June 8, 2009) ("When a

Plaintiff files suit seeking compensatory damages, exemplary damages, damages for emotional

distress and attorney fees and costs, such that it appears from the face of the complaint that damages would exceed $75,000, removal is appropriate . . . ."); *see also Hayes*, 266 F.3d at 573 (affirming that amount-in-controversy was met based on a "fair reading" of the complaint).

**C.     Conclusion**

For the reasons set forth above, the Court finds that (1) Plaintiff's motion violates E.D. Mich. L.R. 81.1(d); and (2) on the face of the complaint, it is more likely than not that Plaintiff's damages will exceed $75,000 if Defendant is determined to be liable for Plaintiffs' injuries.  Therefore, the Court concludes that this matter was properly removed and Plaintiff's Motion to Remand is DENIED.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand [dkt 3] is DENIED.

IT IS SO ORDERED.

 S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 11, 2013